IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–03287–WJM–KMT

CARLOS R. HULL,

    Plaintiff,

v.

BEVERAGE DISTRIBUTORS COMPANY, LLC,
TOM ROGERS,
JOHN JOHNSON,
LINDA HOLLMAN,
TED HALLEY, and
BRYAN LEVINS,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on Defendants' Motion to Dismiss (Doc. No. 19 [Mot.], filed January 11, 2012) and Memorandum of Law in Support (Doc. No. 20 [Mem.], filed January 11, 2012). Plaintiff filed his Response on January 17, 2012 (Doc. No. 22 [Resp.]), and Defendants filed their Reply on January 30, 2012 (Doc. No. 29 [Reply]). This matter is ripe for recommendation and ruling.

## FACTUAL BACKGROUND

Plaintiff filed his Title VII Complaint on December 15, 2011, alleging race discrimination, retaliation, and harassment. (*See* Doc. No. 1 [Compl.].) Plaintiff alleges he was terminated from his position as transportation manager at Beverage Distributors Company, LLC,

on December 9, 2009, after being "verbally harassed, written up, and treated less favorably when [he] was recovering from an injury." (*Id.* at 4.) Plaintiff asserts claims for negligence against the individual defendants and vicarious liability and negligent supervision and retention against the corporate defendant. (*See id.* at 8–15.) Plaintiff seeks money damages. (*Id.* at 15.)

## LEGAL STANDARDS

### 1.  Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines*, 404 U.S. at 520 (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

### *2.     Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

### ANALYSIS

Defendants argue that Plaintiff's Title VII claims should be dismissed as time-barred because they were filed 239 days after Plaintiff received his Notice of Right to Sue from the EEOC. (*See* Mem. at 4–6.) Defendants also argue that Plaintiff's negligence claims are untimely under Colorado law. (*See id.* at 6–8.) Finally, Defendants argue Plaintiff has failed to allege sufficient facts to state cognizable claims for relief. (*See id.* at 8–14.)

*1.    Title VII Claims*

"A plaintiff asserting a claim under . . . Title VII must file suit within 90 days after receiving a right-to-sue letter from the EEOC." *Robinson v. Dean Foods Co.*, No. 08-cv-01186-REB-CBS, 2009 WL 723329, at *2 (D. Colo. Mar. 18, 2009) (citing 42 U.S.C. § 2000e-5(f)(1). "The ninety-day time limit is strictly administered." *Saldana v. Atlas Pac. Eng'g Co.*, No. 08-

cv-01815-REB-KMT, 2009 WL 1965492, at *4 (D. Colo. July 8, 2009).  Here, Defendants correctly assert that Plaintiff filed his Complaint outside of such 90-day statute of limitations.  Plaintiff avers in his Complaint that he received from the EEOC or other appropriate agency a Notice of Right to Sue on April 20, 2011.  (Compl, ¶ 8.)  Nevertheless, his Complaint was not filed until 239 days later on December 15, 2011.

Plaintiff admits he filed his Complaint 239 days after receiving the Right to Sue letter.  (Resp., ¶ 1.)  However, Plaintiff contends that his Title VII claims are timely because Colorado's two-year statute of limitations applies, rather than a 90-day limitations period.  (*See* Resp., ¶¶ 3–4.)  Tenth Circuit law is clear that "[u]nder [ ] Title VII . . . , a plaintiff must file a complaint within 90 days of having received a right-to-sue letter."  *Malik v. 7/Eleven Store No. 27875*, 74 F. App'x 887, 889 (10th Cir. 2003) (citing 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e)).  Thus, this argument fails, and Plaintiff's claims brought under the Title VII are time-barred and should be dismissed.

### 2. *Colorado Tort Claims*

In Colorado, a two year statute of limitations applies to tort actions.  Colo. Rev. Stat. § 13-80-102.  Tort actions must be commenced within two years after the cause of action accrues.  *Id.*  A cause of action is "considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence."  Colo. Rev. Stat. § 13-80-108(1).

In his Complaint, Plaintiff states the alleged wrongful acts occurred between March 10, 2009, and December 4, 2009.  (Compl., ¶¶ 1, 5, 9, 13, 17.)  Plaintiff was terminated on

December 4, 2009.  (*See id.* at 4.)  Thus, Plaintiff knew by December 4, 2009, at the very latest, of his alleged injury and its cause.  Because Plaintiff filed his Complaint on December 15, 2011, he failed to comply with the applicable two-year statute of limitations period, and his Colorado tort claims should be dismissed.

Because this court has determined all of Plaintiff's claims are time-barred, it need not address Defendants' arguments that Plaintiff has failed to allege sufficient facts to state a claim upon which relief can be granted.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendants' Motion to Dismiss (Doc. No. 19) be GRANTED and that Plaintiff's Complaint be dismissed.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 27th day of March, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge