**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-03287-WJM-KMT

CARLOS R. HULL,

    Plaintiff,

v.

BEVERAGE DISTRIBUTORS COMPANY, LLC,
TOM ROGERS,
JOHN JOHNSON,
LINDA HOLLMAN,
TED HALEY, and
BRYAN LEVINS,

    Defendants.

---

**ORDER OVERRULING PLAINTIFF'S OBJECTION AND AFFIRMING
THE RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE,
AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO
FILE AN AMENDED COMPLAINT**

---

This matter is before the Court on the March 27, 2012 Recommendation by U.S. Magistrate Judge Kathleen M. Tafoya (the "Recommendation") (ECF No. 30) that Defendants' Motion to Dismiss Plaintiff's Complaint be granted. The Recommendation are incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I. BACKGROUND**

The facts relevant to a resolution of Defendants' Motion to Dismiss are detailed in the Recommendation. Briefly, Plaintiff alleges he was terminated from his position as transportation manager at Defendant Beverage Distributors Company, LLC on

December 9, 2009, after being "verbally harassed, written up, and treated less favorably when [he] was recovering from an injury." (ECF No. 1 at 4.) Plaintiff seeks money damages. (*Id*. at 15.)

Plaintiff's Complaint addressed by the Motion to Dismiss was filed on December 15, 2011. (*Id*.) Plaintiff's Complaint asserts five claims against Defendant Beverage Distributors Company, LLC: (1) discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) hostile work environment in violation of Title VII; (3) retaliation in violation of Title VII; (4) vicarious liability for the negligence of the Individual Defendants under Colorado tort law; and (5) negligent supervision and retention of the Individual Defendants under Colorado tort law. (*Id*.) Plaintiff also asserts claims for negligence against each Individual Defendant, based on the same allegedly discriminatory conduct that underlies his Title VII claims. (*Id*.)

On January 11, 2012, Defendants filed their Motion to Dismiss and Memorandum of Law in Support (the "Motion") requesting that the Court dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF Nos. 19, 20.) On January 17, 2012, Plaintiff filed his Response to Defendants' Motion (ECF No. 22), and Defendants filed their Reply to Plaintiff's Response on January 30, 2012 (ECF No. 29).

On the March 27, 2012, the Magistrate Judge issued her Recommendation that Defendants' Motion to Dismiss be granted because all of Plaintiff's claims are time-barred. (ECF No. 30.)

On April 4, 2012, Plaintiff filed a timely Objection to the Recommendation. (ECF No. 34.) In his Objection, in addition to objecting to the Magistrate Judge's

Recommendation, Plaintiff includes sections entitled "Amended Complaint" and "Motions [sic] for Breach of Contract." (*Id*. at 3-13.) As explained below, the Court construes these sections to be Plaintiff's Motion for Leave to file an Amended Complaint.

For the reasons stated below, Plaintiff's Objection to the March 27, 2012 Recommendation is overruled, the Magistrate Judge's Recommendation is adopted in its entirety, and Defendants' Motion to Dismiss Plaintiff's Title VII and Colorado tort claims is granted and, as so construed, Plaintiff's Motion for Leave to file an Amended Complaint is granted.

## II.  LEGAL STANDARDS

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the District Court Judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla*., 510 F.3d 1196, 1200 (10th Cir.

2007) (*citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

The concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; the court must assume them to be true. *See Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192-93 (10th Cir. 2009). The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Further, in considering the Magistrate Judge's Recommendation in the instant case, the Court is also mindful of Plaintiff's *pro se* status, and accordingly, reads his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Plaintiff's use of legal terminology and proper English. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the Court will treat Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

### III.  ANALYSIS

A.     The March 27, 2012 Recommendation

The Magistrate Judge recommends in her March 27, 2012 Recommendation that Plaintiff's Title VII and state law tort claims be dismissed because these claims are time-barred.  (ECF No. 30 at 4-6.)  Plaintiff objects to these findings.  The Court will review *de novo* each portion to which a specific objection was made.  Otherwise, the Court will review the Recommendation for clear error.  Fed. R. Civ. P. 72(b)(3).

The Magistrate Judge recommends that Defendants' Motion to Dismiss be granted because Plaintiff's claims are time-barred.  (ECF No. 30 at 4-6.)  Plaintiff objects to this recommendation arguing that: (1) the Magistrate Judge did not have jurisdiction to rule on Defendants' Motion to Dismiss; and (2) none of Plaintiff's claims are time-barred.  (ECF No. 34 at 1-3.)

The Court has thoroughly reviewed the March 27, 2012 Recommendation and agrees with the Magistrate Judge that Plaintiff's Title VII and state law tort claims should be dismissed because the are time-barred.

Plaintiff argues that the Magistrate Judge did not have jurisdiction to rule on Defendants' Motion to Dismiss because both parties did not consent to her jurisdiction over this case.  Under Section 636(b)(1)(B) of the United States Code, an Article III judge may "designate a magistrate . . . to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of a [motion to dismiss]."  28 U.S.C. § 636(b)(1)(B).  Local Rule 72.1(C) further provides that "[o]n reference by a district judge, a magistrate judge may . . . hold hearings and make

recommendations to the district judge on dispositive matters." D.C.COLO.LCivR 72.1(C)(3). Pursuant to this authority, the Court referred this case to Magistrate Judge Tafoya "to conduct ALLMTN proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a) and (b)." (ECF No. 10.) Accordingly, the Recommendation here, which sets forth a factual background, legal standards, and a legal analysis, was properly issued.

Plaintiff next argues that his Title VII claims are not time-barred. "A plaintiff asserting a claim under . . . Title VII must file suit within 90 days after receiving a right-to-sue letter from the EEOC." *Robinson v. Dean Foods Co.*, No. 08-cv-01186, 2009 WL 723329, at *2 (D. Colo. Mar. 18, 2009) (citing 42 U.S.C. § 2000e-5(f)(1)). "The ninety-day time limit is strictly administered." *Saldana v. Atlas Pac. Eng'g Co.*, No. 08-cv-01815, 2009 WL 1965492, at *4 (D. Colo. July 8, 2009). Here, Plaintiff received a Notice of Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") on April 20, 2011, but did not file his Complaint until 239 days later on December 15, 2011. (ECF No. 1, ¶ 8.) Because Plaintiff filed his Complaint outside of the Title VII 90-day statute of limitations, his Title VII claims are time-barred, and they are dismissed with prejudice.

Finally, Plaintiff asserts that his state tort claims are not time-barred. In Colorado, tort actions have a two-year statute of limitations, and such claims must be brought within two years after the cause of action accrues. Colo. Rev. Stat. § 13-80-102. A cause of action is "considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." Colo. Rev. Stat. § 13-80-108(1).

In his Complaint, Plaintiff states the alleged wrongful acts occurred between March 10, 2009, and December 4, 2009. (ECF No. 1, ¶¶ 1, 5, 9, 13, 17.) Further, Plaintiff's employment was terminated with Defendant Beverage Distributors Company, LLC on December 4, 2009. (*Id*. at 4.) Thus, Plaintiff's alleged injury accrued no later than December 4, 2009. Because Plaintiff filed his Complaint on December 15, 2011, he failed to meet the applicable two-year statute of limitations period, and his Colorado tort claims are also time barred, and are dismissed with prejudice.

Because the Court has determined that Plaintiff's Title VII and tort law claims are time-barred, the Court does not address Defendants' arguments that Plaintiff has failed to adequately plead a sufficient factual basis upon which relief can be granted.

In accordance with the foregoing, Plaintiff's Title VII and state tort law claims are dismissed with prejudice.

**B.     Plaintiff's Motion for Leave to File an Amended Complaint**

Plaintiff's Objection also includes sections entitled "Amended Complaint" and "Motions [sic] for Breach of Contract." (ECF No. 34 at 3-13.) As stated previously, the Court construes these sections to be the functional equivalent of a Motion by Plaintiff for Leave to file an Amended Complaint to add a claim for breach of contract under Colorado law. *See Haines*, 404 U.S. at 520-21 (courts construe a *pro se* plaintiff's pleadings and filings liberally).

Plaintiff's Motion for Leave to File an Amended Complaint, as so construed, does not comport with either this District's Local Rules or with this Court's Practice Standards directing that motions are to be filed in a separate document and not to be included

7

within a response or reply to a motion.  See D.C.COLO.LCivR 7.1(C); WJM Revised Practice Standards III(A)(B).  More importantly, however, Federal Rule of Civil Procedure 15(a) requires that leave to amend a complaint be freely given absent some indication of bad faith, dilatory conduct, or other similar justification for denial.  See Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).  This is especially true when the plaintiff is proceeding pro se.  See Murray v. Archambo, 132 F.3d 609, 612 (10th Cir. 1998).

Given that Plaintiff has not previously sought leave to amend his Complaint, and considering his pro se status, the Court will grant Plaintiff's Motion for Leave to file an Amended Complaint which contains a single claim for breach of contract under Colorado law, and Plaintiff's Amended Complaint will be accepted as filed.[1]  In accordance with this Order, Defendants are granted leave to file a Motion to Dismiss Plaintiff's Amended Complaint by July 9, 2012.  Plaintiff shall have until July 25, 2012 to file his Response, if any, and Defendants shall have until August 8, 2012 to file a Reply to Plaintiff's Response.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's objections to the Magistrate Judge's March 27, 2012 Recommendation (ECF No. 30) are OVERRULED and the Recommendation is ADOPTED in its entirety;

---

[1] While Defendants argue that Plaintiff's Motion for Leave to file an Amended Complaint should be denied as futile, the Court will not grant such a motion here without first giving Plaintiff an opportunity to respond to Defendants' arguments.  Defendants may re-assert such arguments in their Motion to Dismiss Plaintiff's Amended Complaint.

2. Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 19) is GRANTED;

3. Plaintiff's Title VII claims are DISMISSED WITH PREJUDICE;

4. Plaintiff's Colorado tort claims are DISMISSED WITH PREJUDICE;

5. Plaintiff's Motion for Leave to file an Amended Complaint adding a single claim for breach of contract under Colorado law (ECF No. 34) is GRANTED;

6. Plaintiff's Amended Complaint is ACCEPTED as filed; and

7. Defendants are granted leave to file a Motion to Dismiss Plaintiff's Amended Complaint by July 9, 2012.  Plaintiff shall have until July 25, 2012 to file his Response, if any, and Defendants shall have until August 8, 2012 to file a Reply to Plaintiff's Response.

Dated this 19th day of June, 2012.

BY THE COURT:

_____

William J. Martínez
United States District Judge