IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–03287–WJM–KMT

CARLOS R. HULL,

    Plaintiff,

v.

BEVERAGE DISTRIBUTORS COMPANY, LLC,
TOM ROGERS,
JOHN JOHNSON,
LINDA HOLLMAN,
TED HALLEY, and
BRYAN LEVINS,

    Defendants.

**ORDER**

This matter is before the court on "Plaintiff's Motion to Amend Original Complaint Pursuant to Fed. R. Civ. P. 15(a)(2)" (Doc. No. 53, filed November 13, 2012).

At the outset, the court notes that Plaintiff has failed to confer wit the defendants before filing his Motion to Amend. The Tenth Circuit has cautioned that *pro se* litigants "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) ("[W]e have repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders." (citing cases)). The Local Rules of Practice for the District of Colorado require all parties to confer on motions and other

disputes before a motion is filed.  D.C.COLO.LCivR 7.1A.; *see also Visor v. Sprint*, No. Civ.A. 96-K-1730, 1997 WL 796989, at *1 (D. Colo. Dec. 31, 1997).

Additionally, at this stage of the case, Plaintiff may amend his complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a).  The court may deny a motion to amend a complaint for failure to submit the proposed amendment.  *See Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir. 1984) (district court should have held motion to amend in abeyance pending submission of plaintiff's proposed amendment); *Bownes v. City of Gary, Indiana*, 112 F.R.D. 424, 425 (N.D. Ind. 1986) ("common sense" dictates that a party seeking leave to amend should accompany his motion with a copy of the proposed amended complaint); *Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981) (where plaintiff sought leave to amend, a copy of the proposed amended pleading must be attached to the motion).  Plaintiff has not submitted a copy of his proposed amended complaint to the court.

Accordingly, it is

ORDERED that  "Plaintiff's Motion to Amend Original Complaint Pursuant to Fed. R. Civ. P. 15(a)(2)" (Doc. No. 53) is DENIED without prejudice for failure to comply with D.C.COLO.LCivR 7.1A and for failure to submit a copy of the proposed amended complaint with his motion to amend.

Dated this 14th day of November, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

2