**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-03287-WJM-KMT

CARLOS R. HULL,

      Plaintiff,

v.

BEVERAGE DISTRIBUTORS COMPANY, LLC,
TOM ROGERS,
JOHN JOHNSON,
LINDA HOLLMAN,
TED HALEY, and
BRYAN LEVINS,

      Defendants.

---

**ORDER OVERRULING OBJECTION, ADOPTING RECOMMENDATION
AND GRANTING MOTION TO DISMISS**

---

This matter is before the Court on the February 14, 2013 Recommendation by

U.S. Magistrate Judge Kathleen M. Tafoya (the "Recommendation") (ECF No. 78) that

Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 42) be

granted and Plaintiff's Motion to Amend (ECF No. 65) be denied.  The

Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B);

Fed. R. Civ. P. 72(b).

The Recommendation issued in this case substantively addressed: (1) whether

Plaintiff's breach of contract claims was preempted by Section 301 of the Labor

Management Relations Act; (2) whether Plaintiff's hybrid Section 301 claim was barred

by the applicable statute of limitations; (3) whether Plaintiff's employee handbook

formed an implied contract; and (4) whether allowing Plaintiff to amend his complaint would be futile.  (ECF No. 78.)

The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation.  (ECF No. 78 at 18-19.)  Plaintiff filed a timely document that he titles as an objection to the Recommendation.  (ECF No. 80.)  However, he does not substantively dispute any of the Magistrate Judge's findings or conclusions.  Rather, Plaintiff's objection raises two arguments: (1) because Plaintiff has not consented to the jurisdiction of a Magistrate Judge, it was improper for the Court to refer the Motion to Dismiss to the Magistrate Judge for a recommendation; and (2) Plaintiff requested a jury trial and, therefore, pursuant to the Seventh Amendment, is entitled to have his case tried by a jury.  (*Id*.)

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Plaintiff makes no specific objection to any aspect of the Magistrate Judge's construction of the facts or analysis of the law.  Therefore, the Court finds that Plaintiff has not filed sufficiently specific objections to cause the Court to review the Magistrate Judge's Recommendation *de novo*.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (court has discretion to review the recommendation under whatever standard it deems appropriate when no specific and timely objections are filed); *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1278-79 (D. Colo. 2009) ("For an objection to be sufficiently specific, it must enable the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.")

2

Having reviewed the Recommendation and other relevant portions of the record, the Court concludes that the Magistrate Judge's analysis was thorough and sound, and that there is no clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Thus, the Court adopts the Recommendation, grants Defendants' Motion to Dismiss, and denies Plaintiff's Motion for Leave to Amend.

With respect to the arguments raised in Plaintiff's Objection, the Court notes that 28 U.S.C. § 636(b)(1)(b) permits it to refer a motion to dismiss to a Magistrate Judge for a recommended disposition. The Court has the authority to do so even when the parties have not consented the jurisdiction of the Magistrate Judge. In fact, had the parties so consented, the Magistrate Judge would have simply ruled on the Motion to Dismiss; there would have been no reason to issue a Recommendation. *See* 28 U.S.C. § 636(c).

As to Plaintiff's second argument, the law is clear that the right to trial by jury is not absolute. *See J.R. Simplot v. Chevron Pipeline Co.*, 563 F.3d 1102, 1117 (10th Cir. 2009) ("The law is well-settled that summary judgment does not violate the Seventh Amendment."). The Magistrate Judge found that Plaintiff had failed to state a claim upon which relief could be granted and, on this basis, recommended that the case be dismissed. (ECF No. 78 at 17.) The dismissal of Plaintiff's case based on this finding does not violate the Seventh Amendment because such a findings means that no triable issues exists to be submitted to a jury. *See Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001) (Seventh Amendment right to a jury trial not violated where "no

3

triable issue exists to be submitted to a jury.").

For the reasons set forth above, the Court ORDERS as follows:

1.    The Magistrate Judge's February 14, 2013 Recommendation (ECF No. 78) is

ADOPTED;

2.    Plaintiff's Objection (ECF No. 80) to the Recommendation is OVERRULED;

3.    Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 42)

is GRANTED;

4.    Plaintiff's Motion to Amend his Amended Complaint (ECF No. 65) is DENIED;

5.    Plaintiff's claims in this case are DISMISSED WITH PREJUDICE;

6.    The Clerk shall enter judgment in favor of Defendants.  Each party shall bear

their own costs; and

7.    The Court CERTIFIES that any appeal from this dismissal would not be taken in

good faith and, therefore, *in forma pauperis* status is denied for the purpose of

any appeal.

Dated this 8th day of March, 2013.

BY THE COURT:

William J. Martinez
United States District Judge

4